# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. __20-MJ-8288-WM__

**UNITED STATES OF AMERICA**

v.

**DWIGHT CASTALDI**

           **Defendant.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?     ___ Yes  ✓ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?     ___ Yes  ✓ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?     ___ Yes  ✓ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _*Gregory Schiller*_
GREGORY SCHILLER
ASSISTANT UNITED STATES ATTORNEY
District Court No. A5501906
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:     561-209-1045
Fax:
Email:    gregory.schiller@usdoj.gov

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Dwight Castaldi<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  20-MJ-8288-WM<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __2008 - 2018__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(a) | Production of Child Pornography |
| 18 U.S.C. § 2252(a)(4)(B) | Possession of Child Pornography |
| 18 U.S.C. § 2252(a)(2) and (b)(1) | Distribution and Receipt of Child Pornography |

FILED BY ___KJZ___ D.C.

Aug 21, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

This criminal complaint is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

FBI Special Agent Gennady Julien
Printed name and title

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (Zoom Video).

Date: August 21, 2020

_____
Judge's signature

City and state: West Palm Beach, Florida

William Matthewman, United State Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Gennady Julien, being duly sworn, hereby depose and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"). I have been a Special Agent with the FBI since October 2019. While employed by the FBI, I have investigated a variety of federal criminal violations, including but not limited to; crimes against children, matters related to child pornography, sexual exploitation of minors and child pornography using facilities of interstate or foreign commerce. Moreover, I am a federal law enforcement officer engaged in enforcing criminal laws of the United States, including 18 U.S.C. §§ 2251 and 2252, et seq.

2. In this capacity, I have investigated and have worked with other agents and law enforcement officers during investigations of child exploitation and internet crimes against children cases. I have participated in investigations of persons suspected of violating federal child pornography laws, including Title 18, United States Code, Sections 2422, 2251, 2252 and 2252A. These investigations have included the use of surveillance techniques, the interviewing of subjects and witnesses, and the planning and execution of arrest, search, and seizure warrants. In the course of these investigations, I have reviewed still images and videos containing child pornography and images depicting minor children engaged in sexually explicit conduct on a wide variety of electronic media including computers, digital cameras, and wireless telephones, and have discussed and reviewed these materials with other law enforcement officers. I have also participated in training programs for the investigation and enforcement of federal child pornography laws relating to the use of computers for production, receiving, transmitting, and storing child pornography.

3. The facts set forth in this affidavit are based upon my personal knowledge, information obtained from others involved in this investigation, including other law enforcement officers, my review of documents and information gained through training and experience. Since this affidavit is being submitted for the limited purpose of establishing probable cause to support a Criminal Complaint, I have not included each and every fact known to me concerning this investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause to believe that **Dwight Castaldi** (hereinafter referred to as "**CASTALDI**") has violated Title 18 United States Code, Section 2251 (production of child pornography), Title 18, United States Code, Section 2252(a)(2) and (b)(1) (distribution of child pornography), and Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2) (possession of child pornography).

4. On March 22, 2018, the Palm Beach Gardens Police Department arrested CASTALDI on an outstanding warrant from Huntington Beach California related to CASTALDI's online sexual relationship in 2016 with a 14-year-old California female. During a post-*Miranda* interview, CASTALDI admitted to the illegal relationship and receiving nude photos from the child. CASTALDI further advised that the images were stored on his old, inoperable, white iPhone 6+, and on a portable Seagate hard drive that he used to back up information from a laptop computer that he was using in 2016.

5. The Palm Beach Gardens Police Department obtained and executed a search warrant for CASTALDI's residence the same day. Law enforcement located the following devices in CASTALDI's bedroom: an Apple desktop computer containing a 500GB Seagate Barracuda hard drive and a 164.7 GB Hitachi Deskstar hard drive; an Apple laptop; an iPhone with a cracked screen; and numerous computer accessories including thumb drives and external hard drives. The items were transferred to the custody of the Huntington Beach Police Department, who

forensically examined the devices following the execution of a State of California search warrant. Sexual images of the 14-year-old California female's pubic region and anus were found across several of CASTALDI's devices, constituting child pornography under California and federal law.[1]

6.      The Huntington Beach Police Department's review of the items seized from CASTALDI's residence, and confirmed during a review of the same material by your Affiant here in the Southern District of Florida, revealed child pornography of two additional minors (MV1 and MV2), distribution and receipt of child pornography, and possession of child pornography, all committed by CASTALDI in the Southern District of Florida.

## MV1

7.      A review of the following CASTALDI digital devices revealed evidence of the production of child pornography of MV1. MV1 was 13-14 years' of age when CASTALDI communicated online with her between 2008 and 2010:

    a.      Black Thumb Drive – 16 photographs of MV1, some of which displayed her pubic region in a lewd or lascivious manner as the focus of the images;

    b.      External Hard Drive – 9 photographs of MV1, some of which displayed her pubic region in a lewd or lascivious manner as the focus of the images;

    c.      iPhone – 9 photographs of MV1, some of which displayed her pubic region in a lewd or lascivious manner as the focus of the images; and

    d.      MacBook – 9 photographs of MV1, some of which displayed her pubic region in a lewd or lascivious manner as the focus of the images;[2]

---

[1] CASTALDI plead guilty in California Superior Court to two counts of violating penal code 288(a) on July 29, 2019 and was sentenced to three years' imprisonment with credit of 569 days.
[2] Many of these photographs from each devices appear on the other devices, as they relate to MV2.

8. FBI agents interviewed MV1. She relayed that CASTALDI initially contacted her via the TagMe application on MySpace, where she had posted non-nude photographs of herself. CASTALDI also communicated with her via text message and e-mail. MV1 recalled that his first or last name might have been in his e-mail address. Your affiant has identified several of CASTALDI's email addresses to include his first and last name.

9. CASTALDI and MV1 communicated during a period of several months when she was in seventh or eighth grade as a 13 or 14-year-old girl. At CASTALDI's request, MV1 sent nude photographs of herself to him. CASTALDI sent non-nude photographs to MV1 that he claimed were photographs of himself (later determined to be of someone else). CASTALDI told MV1 that he was seventeen years old, and the photographs he sent supported this fabrication. MV1 was unsure why they stopped communicating. However, several years ago, MV1 searched for information on CASTALDI on the internet and discovered that he lied about his age.

10. CASTALDI told MV1 that he was only a few years older than MV1, and provided her with numerous compliments. When MV1 told Castaldi that she was devout in her religion, CASTALDI used a "twisted" religious argument to persuade her to engage in sexual conversation and produce the nude images of herself. CASTALDI would ask for specific camera angles or lighting for the photographs he requested; he would comment upon receiving sexual images.

11. At CASTALDI'S request, MV1 photographed herself nude with a digital camera, uploaded the images to her personal computer, and e-mailed him the images. MV1 stated that she previously had a mole on the right side of her neck. MV1 has since had had the mole removed, but a scar is still visible. The mole is visible in the photographs recovered from CASTALDI's devices. MV1 identified the child pornographic photographs found on CASTALDI's devices as herself, and as those she sent to Dwight Castaldi.

## MV2

12. A review of the following CASTALDI digital devices revealed evidence of the production of child pornography of MV2, who was 13-15 years' of age when CASTALDI communicated with her between 2012 and 2013:

    a. Macbook – 46 photographs of MV2 nearly half of which include a display of her pubic region or anus, as the focus of the photograph. Some of these photographs include her face. Several of the photographs are clothed, but sexually suggestive.

    b. iPhone – 26 photographs of MV2 nearly half of which include a display of her pubic region or anus, as the focus of the photograph. Some of these photographs include her face. Several of the photographs are clothed, but sexually suggestive.

    c. External Hard Drive – 46 photographs of MV2 nearly half of which include a display of her pubic region or anus, as the focus of the photograph. Some of these photographs include her face. Several of the photographs are clothed, but sexually suggestive.[3]

13. FBI agents interviewed MV1. She relayed that she met CASTALDI on MySpace. MV2, when asked, would not say CASTALDI's name, but wrote down "Dwight Castaldi" as the person who asked her to produce, and to whom she had sent, naked photographs of herself. As CASTALDI never sent his actual photo (as MV2 later discovered), MV2 could not identify CASTALDI's photograph.

14. MV2 recalled that CASTALDI's Myspace page profile photo looked like "a model." CASTALDI told MV2 he loved her. CASTALDI asked MV2 to send nude photos to him. He directed her on how to pose and told her what to do in each photo. CASTALDI and MV2 would "sext" words and photos. MV2 noticed that the nude images that CASTALDI would send

---

[3] Many of these photographs from each devices appear on the other devices, as they relate to MV2.

did not match his Myspace page profile photo. On his MySpace page, MV2 saw that CASTALDI called another girl "baby," which upset her because she thought she was in an exclusive relationship with him.

15. MV2 began to suspect something was wrong when CASTALDI never wanted to video chat. MV2 performed an Internet history on his name and discovered CASTALDI lived in Jupiter, Florida and was not the boy she thought she was talking too. She found a photo of "Dwight Castaldi" who looked much older than 16 or 17. MV2 stopped talking to CASTALDI by the time she was in high school.

16. MV2 identified herself in seven (7) photographs FBI agents displayed for her. Each of these photographs all of which were recovered from CASTALDI's devices, listed above. Several of these were redacted child pornographic of MV2. MV2 noted that she produced the first four photos at CASTALDI's request when she was approximately 13 years' old and sent them to CASTALDI. MV2 identified herself in three other photos but did not recall sending them to CASTALDI, despite the fact that they were recovered from his devices. These photos were also taken while MV2 was a minor.

## Possession of Child Pornography

17. Upon review of CASTALDI's Seagate GoFlex external hard drive seized from his residence on March 22, 2018, law enforcement identified hundreds of images and videos of child pornography as well as categorized file folders with the names of yet unidentified minor females. Contained in those folders were images of teenage girls in various stages of undress or sexually explicit positions exposing their breasts and/or vagina. Many of the girls appeared to be minors. Some of the images included children who were very young, including toddlers, children having penile, vaginal or oral sex with each other, or child rape by an adult.

18. CASTALDI's MacBook Pro seized from his residence on March 22, 2018, contained hundreds of images and videos of child pornography. For example, a video file titled, "cpfans.wmv", is a video file 4m25s in length that is a compilation of child pornography videos that is spliced together and set to music. The video's created date was December 2, 2013. There are numerous other child pornography videos with the same date located on the MacBook Pro. Other videos found on the MacBook Pro include those titled and described as follows:

    a. 01 primera parte – an adolescent female strips an infant female, forces the infant to suck adolescent female's nipple and perform cunnilingus on the adolescent female as the infant cries. The adolescent female digitally penetrates infant's vagina and slaps the infant's genitals and rear. The adolescent female forces infant to digitally penetrate the adolescent's vagina, then forces the infant to suck the finger involved in the aforementioned penetration;

    b. 9yo – SuziQ-05 – approximately 9yo female penetrates her vagina with a sex toy;

    c. 2015-06-30 22.20.49.mp4 – a compilation of video clips showcasing intercourse with small and very young children; and

    d. IMG_1045.mp4 – video compilation involving fellatio performed on adult men by children, and clips involving the vaginal and anal penetration of very small children by adult men; final clip showcases an adult female who appears to be bound performing fellatio on an adult male while a child wearing a mask or a gag places their hand in the adult female's vagina.

19. CASTALDI's black Lexar thumb drive, which was seized from his residence on March 22, 2018, contained child pornography images of young teenage girls displaying their pubic region as the focus of the camera.

20. The micro SD card recovered from CASTALDI's Verizon Tablet device, which

was seized from his residence on March 22, 2018, revealed child pornography videos to include those titled and described as follows:

      a.      0004-0000 – video of two young children perform fellatio on an adult male while in the bath tub; female child is penetrated with a sex toy while adult male performs anal intercourse with her; adult male ejaculates on the genitals of the female child.

      b.      0007-0000 – video of female child performs fellatio on an adult male.

      c.      0021-0000 – video of female toddler performs fellatio on an adult male.

### Distribution and Receipt of Child Pornography

21. Discovered on CASTALDI's Apple MacBrook Pro was an email exchange between CASTALDI's email, Dwight_castaldi@yahoo.com and an email address, rabistu@yahoo.in. On November 14, 2013, rabistu@yahoo.in with user name Rabi Rai, along with dragonsoul4711@yahoo.ed with user name Rafhael Rosler, received a forwarded email from email address b4y0o69@gmail.com with the subject line "CP." Your affiant knows that CP is an abbreviation for "child pornography." The email body said "thank you," and contained 27 photographs. On November 27, 2013, the Rabi Rai account forwarded the same to CASTALDI's Dwight_castaldi@yahoo.com email address. CASTALDI responded that same day, "Damn holy crap. The video was hot. Do you have any videos of fucking?" Rabi Rai replied a few minutes later, "Send ur first." CASTALDI responded, "??????? Well". CASTALDI then sent an email to Rabi Rai, saying, "Hope you like these," and attached 10 photographs of child pornography, each of which contained, as the focus of the image, the exposed vagina of a pre-teenage girl. On December 8, 2013, CASTALDI sent an email to Rabi Rai entitled, "pic set for you." The email contained 39 images of child pornography, including almost entirely prepubescent and toddler females exposing their vaginas or whose vagina were penetrated.

Interview of CASTALDI

22. On August 18, 2020, Federal agents interviewed CASTALDI, post-*Miranda*, at the California Rehabilitation Center. In regards to MV1, CASTALDI identified MV1's photograph and provided her real name. CASTALDI advised meeting MV1 on MySpace and that their relationship went on for approximately two years. He confirmed MV1 was 14 to 15 years old when then met. CASTALDI stated that he asked MV1 for sexual photos and received the same. In regards to MV2, CASTALDI identified her photograph and provided her real name. He provided MV2 was a minor when they interacted and that that they texted sexually to each other. CASTALDI advised he likewise met MV2 on MySpace and that their relationship last for approximately two years while she was a minor. CASTALDI stated that he received sexually explicit photographs from MV2.

23. Based upon the foregoing facts, and my training and experience, I submit that there is probable cause to believe that Dwight Castaldi did commit the offenses of Title 18 United States Code, Section 2251 (production of child pornography), Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2) (possession of child pornography), Title 18, United States Code, Section 2252(a)(2) and (b)(1) (distribution and receipt of child pornography), and I <u>request</u> that an arrest warrant be issued for Dwight Castaldi.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
SPECIAL AGENT GENNADY JULIEN
FEDERAL BUREAU OF INVESTIGATION

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by <u>telephone (Zoom Video)</u>, this 21st day of August 2020.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** DWIGHT CASTALDI

**Case No:** 20-MJ-8288-WM

Counts #: 1-2

Production of Child Pornography

Title 18, United States Code, Section 2251(a)

**\*Max. Penalty:** 30 Years' Imprisonment (15 year minimum mandatory), $250,000 fine, Supervised Release of 5 Years to Life, $5000 Special Assessment, $100 Assessment, Restitution

Counts #: 3-6

Possession of Child Pornography

Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2)

**\*Max. Penalty:** 20 Years' Imprisonment, $250,000 fine, Supervised Release of 5 Years to Life, $5000 Special Assessment, $100 Assessment, Restitution

Counts #: 7-8

Distribution and Receipt of Child Pornography

Title 18, United States Code, Section 2252(a)(2) and (b)(1)

**\*Max. Penalty:** 20 Years' Imprisonment (5 year minimum mandatory), $250,000 fine, Supervised Release of 5 Years to Life, $5000 Special Assessment, $100 Assessment, Restitution

**\*Refers only to possible term of incarceration, fines, special assessments, does not include possible restitution, parole terms, or forfeitures that may be applicable.**