

FILED by **YH** D.C.

Dec 1, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **20-80087-CR-SMITH/MATTHEWMAN**

18 U.S.C. § 2251(a) and (e)
18 U.S.C. §§ 2252(a)(2) & (b)(1)
18 U.S.C. §§ 2252(a)(4)(B) & (b)(2)
18 U.S.C. § 2422(b)

UNITED STATES OF AMERICA

vs.

DWIGHT CASTALDI,

      Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### 18 U.S.C. §§ 2251(a) and (e)
### (Production of Child Pornography – Minor Victim 1)

From in or around 2008, through in or around 2010, in Palm Beach County, the exact dates begin unknown to the Grand Jury, in the Southern District of Florida, and elsewhere, the defendant,

**DWIGHT CASTALDI,**

did use, persuade, induce, entice, and coerce Minor Victim 1 to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in or affecting interstate and foreign commerce by any means, the visual depiction was transported and transmitted using any means or facility of interstate and foreign commerce, and the visual depiction was transported and transmitted in and affecting interstate and foreign commerce,; in violation of Title 18, United States Code, Sections 2251(a), 2251(e), and 2.

<u>**COUNT 2**</u>
**18 U.S.C. §§ 2251(a) and (e)**
**(Production of Child Pornography – Minor Victim 2)**

From in or around April 2012, and through in or around June 2013, the exact dates begin unknown to the Grand Jury, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**DWIGHT CASTALDI,**

did use, persuade, induce, entice, and coerce Minor Victim 2 to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in or affecting interstate and foreign commerce by any means, the visual depiction was transported and transmitted using any means or facility of interstate and foreign commerce, and the visual depiction was transported and transmitted in and affecting interstate and foreign commerce,; in violation of Title 18, United States Code, Sections 2251(a) , 2251(e), and 2.

<u>**COUNT 3**</u>
**18 U.S.C. § 2422(b)**
**(Enticement of Minor to Engage in Sexual Activity - Minor Victim 3)**

From in or around November 2014, and continuing through on or about October 27, 2017, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**DWIGHT CASTALDI,**

using a facility and means of interstate commerce, that is, the Internet, knowingly persuaded, induced, enticed, and coerced an individual, Minor Victim 3, who had not attained the age of eighteen years, to engage in sexual activity for which any person can be charged with a criminal offense under Florida state law, in violation of Title 18, United States Code, Section 2422(b).

<u>COUNT 4</u>
**18 U.S.C. §§ 2252(a)(4)(B) & (b)(2)**
**(Possession of Child Pornography)**

On or about March 22, 2018, in Palm Beach County, in the Southern District of Florida, the defendant,

**DWIGHT CASTALDI,**

did knowingly possesses matter which contained any visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and which was produced using materials which had been so shipped and transported, by any means including by computer, and the production of such visual depiction having involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and such visual depiction was of such conduct, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2).

Pursuant to Title 18, United States Code, Section 2252(b)(2), it is further alleged that such visual depiction involved a prepubescent minor and a minor who had not attained twelve years of age.

<u>COUNT 5</u>
**18 U.S.C. §§ 2252(a)(4)(B) & (b)(2)**
**(Possession of Child Pornography)**

From as early as in or around August 2014, and continuing through on or about April 27, 2017, in Palm Beach County, in the Southern District of Florida, the defendant,

**DWIGHT CASTALDI,**

did knowingly possesses matter which contained any visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and which was produced using materials which had been so shipped and transported, by any means including by computer, and the production of such visual

3

depiction having involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and such visual depiction was of such conduct, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2).

Pursuant to Title 18, United States Code, Section 2252(b)(2), it is further alleged that such visual depiction involved a prepubescent minor and a minor who had not attained twelve years of age.

### COUNT 6
### 18 U.S.C. §§ 2252(a)(2) & (b)(1)
### (Receipt of Child Pornography)

On or about November 27, 2013, in Palm Beach County, in the Southern District of Florida, the defendant,

### DWIGHT CASTALDI,

did knowingly receive any visual depiction, using any means and facility of interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and foreign commerce, and the production of such visual depiction involved the use of a minor engaged in sexually explicit conduct, as defined in Title 18, United State Code, Section 2256(2), and such visual depiction was of such conduct in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

### COUNT 7
### 18 U.S.C. §§ 2252(a)(2) & (b)(1)
### (Distribution of Child Pornography)

On or about December 8, 2013, in Palm Beach County, in the Southern District of Florida, the defendant,

### DWIGHT CASTALDI,

did knowingly distribute any visual depiction, using any means and facility of interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and

foreign commerce, and the production of such visual depiction involved the use of a minor engaged in sexually explicit conduct, as defined in Title 18, United State Code, Section 2256(2), and such visual depiction was of such conduct in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for alleging forfeiture to the United States of America of certain property in which the defendant, **DWIGHT CASTALDI,** has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 2252, as alleged in this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 2253, the following property:

   (a) any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18, United States Code;

   (b) any property, real or personal, constituting or traceable to gross profits or other proceeds which the defendant obtained from the offense(s); and

   (c) any property, real or personal, used or intended to be used to commit or to promote the commission of the offense(s) or any property traceable to such property.

3. Upon conviction of a violation of Title 18, United States Code, Section 2422, as alleged in this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 2428, the following property:

   (a) such person's interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

(b) any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation.

4. The property which is subject to forfeiture includes, but is not limited to, the following:

(a) One (1) Seagate GoFlex external hard drive, serial #NA1Q1X9TW;

(b) One (1) MacBook Pro, model #A1226;

(c) One (1) black Lexar 4GB USB Drive;

(d) One (1) Verizon Tablet micro SD Card;

(e) One (1) iPhone 6, serial # BCG-E2817A;

(f) One (1) LG phone; and

(g) One (1) Lenovo Laptop, serial #L3-HV2B1.

All pursuant to Title 18, United States Code, Section 2253, Title 18, United States Code, Section 2428, and the procedures set forth at Title 21, United States Code, Section 853.

FOREPERSON

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
GREGORY SCHILLER
ASSISTANT UNITED STATES ATTORNEY

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

**DWIGHT CASTALDI**

_____Defendant._____/

CASE NO._____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division**: (Select One)
___ Miami   ___ Key West
___ FTL   ✓ WPB   ___ FTP

New defendant(s)          Yes ___   No ___
Number of new defendants  ___
Total number of counts    ___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   No
   List language and/or dialect   _____

4. This case will take __10__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I    0 to 5 days      ___           Petty     ___
   II   6 to 10 days     ✓             Minor     ___
   III  11 to 20 days    ___           Misdem.   ___
   IV   21 to 60 days    ___           Felony    ✓
   V    61 days and over ___

6. Has this case previously been filed in this District Court?   (Yes or No)   No
   If yes: Judge _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   Yes
   If yes: Magistrate Case No.   20-MJ-08288-WM
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of   September 14, 2020
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   Yes ___   No ✓

_____
*Gregory Schiller*
GREGORY SCHILLER
ASSISTANT UNITED STATES ATTORNEY
CRT NO. A5501906

*Penalty Sheet(s) attached

REV 6/5/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** DWIGHT CASTALDI

**Case No:** _____

Counts #: 1 and 2

Production of Child Pornography

Title 18, United States Code, Section 2251(a) and (e)

*__Max. Penalty:__ 30 Years' Imprisonment (15 year mandatory minimum), $250,000 fine, Supervised Release of 5 Years to Life, $5000 Special Assessment, $100 Assessment, Restitution

Count #: 3

Enticement of a Minor

Title 18, United States Code, Section 2422(b)

*__Max. Penalty:__ Life Imprisonment (10 year mandatory minimum), $250,000 fine, Supervised Release of 5 Years to Life, $5000 Special Assessment, $100 Assessment, Restitution

Counts #: 4 and 5

Possession of Child Pornography

Title 18, United States Code, Section 2252(a)(4)(B) & (b)(2)

*__Max. Penalty:__ 20 Years' Imprisonment, $250,000 fine, Supervised Release of 5 Years to Life, $5000 Special Assessment, $100 Assessment, Restitution

Count #: 6

Receipt of Child Pornography

Title 18, United States Code, Section 2252(a)(2) & (b)(1)

*Max. Penalty:   20 Years' Imprisonment (5 year mandatory minimum), $250,000 fine, Supervised Release of 5 Years to Life, $5000 Special Assessment, $100 Assessment, Restitution

Count #: 7

Distribution of Child Pornography

Title 18, United States Code, Section 2252(a)(2) & (b)(1)

*Max. Penalty:   20 Years' Imprisonment (5 year mandatory minimum), $250,000 fine, Supervised Release of 5 Years to Life, $5000 Special Assessment, $100 Assessment, Restitution

***Refers only to possible term of incarceration, fines, special assessments, does not include possible restitution, parole terms, or forfeitures that may be applicable.**