UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-80087-CR-SMITH

**UNITED STATES OF AMERICA,**

v.

**DWIGHT CASTALDI,**

        **Defendant.**

_____/

**GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER**

Pursuant to Fed. R. Crim. P. 16(d), the United States of America, hereby files this Unopposed Motion for Protective Order, and respectfully requests that the Court enter the attached proposed order restricting the dissemination of material that will be and has been disclosed to the defense pursuant to the Standing Discovery Order. In support thereof, the Government states as follows:

On December 1, 2020, a federal grand jury returned an indictment charging the defendant, Dwight Castaldi ("Castaldi" or "the defendant"), with two counts of production of child pornography, in violation of 18 U.S.C. § 2551(a), enticement of a minor to commit a sexual act, in violation of 18 U.S.C. § 2422(b), receipt and distribution of child pornography, respectively, in violation of 18 U.S.C. §2252(a), and possession of child pornography, in violation of 18 U.S.C. § 2252(b).  DE 5.

On December 4, 2020, the defendant was arraigned and the court entered the standing discovery order. DE 7. The government is preparing its response to the Standing Discovery Order. In doing so, the government will be turning over a great deal of discovery or making the same available to the defendant. Much of the discovery includes PII of victims who were children

at the time of the alleged offenses by the defendant. Because of the existence for PII of the victims in digital files, media and other evidence, it will be virtually impossible to redact all.

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that the Court "may, for good cause, deny, restrict, or defer discovery or inspection" of discovery materials. The Court has broad discretion to regulate and restrict discovery and the disclosure of discovery materials. *See United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) (recognizing the "broad authority of the district court to regulate discovery"); *see also Alderman v. United States,* 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

Crime victims, possess a statutory "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Courts are directed to "ensure that the crime victim is afforded the rights described in subsection (a)." 18 U.S.C. § 3771(b)(1). Attorneys for the Government are empowered by statute to "assert the rights described in subsection (a)." 18 U.S.C. § 3771(d)(1).

In light of the foregoing, the Government respectfully requests that the Court enter an order placing the following restrictions on the discovery materials made and to be made available to the defendant in this case:

    1. Counsel for the government and for the defendant shall not provide the material responsive to the Standing Discovery Order to any person except as specified in the Court's order or by prior approval of the Court;

    2. The defendant shall view the material responsive to the Standing Discovery Order only as necessary for counsel to prepare the case and only in the presence of defense

counsel, or a member of the defense team, except the defendant may view the discovery alone as outlined as follows so long as the defendant remains in the Palm Beach County Jail or Broward County Jail[1]:

    a. Defense counsel shall provide a copy of any discovery to the Palm Beach County Jail or Broward County Jail on an encrypted disk or drive that is password protected;

    b. The Palm Beach County Jail or Broward County Jail will provide a laptop that does not have Internet access, downloading capabilities, and will provide appropriate time for the defendant to view discovery;

    c. The defendant is allowed to take notes and is prohibited from sharing those notes with anyone other than defense counsel or the defense team; and

    d. Upon completion of any review of the discovery by defendant, the encrypted disk(s) or device(s) shall be returned to defense counsel, and the laptop shall be returned to the custody of the Palm Beach County Jail.

3. The procedures outlined in paragraph 2 above, and its subparagraphs, is to afford protections to the victims such that the defendant cannot distribute or share the materials of the victims, while giving him meaningful opportunities to participate in his own defense by having ample opportunity to review discovery with and without counsel.

4. Employees of the government or defense counsel may possess the material responsive to the Standing Discovery Order, but only as necessary to prepare the case;

5. Third parties contracted by the government or the defense to provide expert analysis or testimony may possess the material responsive to the Standing Discovery Order, other than explicit material or child pornography, as defined by federal law, but only as

---

[1] If the defendant should be released from the Palm Beach County or Broward County Jails, transferred to another county jail or federal detention or prison facility, he will need permission from this Court to view discovery other than in the presence of defense counsel or the defense team.

necessary to prepare the case;

6. Counsel for the defendant shall ensure that the defendant and any third party that obtains access to the material responsive to the Standing Discovery Order are provided a copy of the Court's order. No third party that obtains access to or possession of the material responsive to the Standing Discovery Order shall retain such access or possession unless authorized by the Court's order. Any third party that obtains access to or possession of the material responsive to the Standing Discovery Order shall promptly destroy or return the materials once the third party no longer requires access to or possession of the material responsive to the Standing Discovery Order to assist in the preparation of the case;

7. Upon entry of final order of the Court in this matter and conclusion of any direct appeals, counsel for the government and the defendant shall destroy or cause to be destroyed all copies of the material responsive to the Standing Discovery Order, except that they may maintain copies in their closed case files following their ordinary procedures;

8. Counsel for the government and for the defendant shall promptly report any known violations of the Court's order to the Court; and

Similar protective orders have been entered in other matters in the Southern District of Florida to ensure the integrity of sensitive information disclosed in discovery. *See, e.g., United States v. Price*, Case No. 13-20836-CR-UU [DE 27]; *United States v. Baston*, Case No. 13-20914-CR-CMA [DE 26]; *United States v. Revay*, Case No. 13-60074-CR-RNS [DE 22]; *United States v. Vargas et al.*, Case No. 12-20247-CR-JEM [DE 19, 36]; *United States v. Flanders et al.*, Case No. 11-20557-CR-KMM [DE 76]. *See also United States v. Solove*, Case No. 20-80085-CR-DMM [DE 31] wherein the Court entered a nearly identical order to that which is proposed here.

The undersigned has conferred with counsel for the defendant, Assistant Federal Public Defender Huda Ajlani-Macri.  AFPD Ajlani-Macri has authorized the undersigned to represent that counsel has no objection to entry of the protective order sought.  Further, because of the office-imposed restrictions AFPD Ajlani-Macri has in physically meeting with the defendant at the Palm Beach County Jail to review this document due to the COVID-19 pandemic, AFPD Ajlani-Macri will advise the defendant of the restrictions contained herein and the accompanying order; for these reasons the order is without the defendant's signature.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: *s/Gregory Schiller*
GREGORY SCHILLER
ASSISTANT U.S. ATTORNEY
Court ID # A5501096
500 Australian Avenue, Suite 400
West Palm Beach, FL 33401
Phone: (561) 209-1045
Email: gregory.schiller@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 18, 2020, I electronically filed the foregoing document with the Clerk of the Court, and served a copy upon all counsel of record, using CM/ECF.

By: *s/Gregory Schiller*
Gregory Schiller
Assistant United States Attorney