# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-80087-CR-SMITH

**UNITED STATES OF AMERICA,**

v.

**DWIGHT CASTALDI,**

      **Defendant.**

_____/

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3509 the United States of America ("the government"), Defendant Dwight Castaldi, and defense counsel, hereby stipulate to the following, and the Court therefore orders, having reviewed the unopposed motion for protective order:

1. This Protective Order governs the discovery material, including the written material and any information contained therein, items provided in the response to the standing discovery order (DE 7), all discovery filings, as well as copies of any material extracted from digital devises and provided from electronic service providers, produced by the government in discovery as "PROTECTED DISCOVERY MATERIAL."

2. The United States will make available copies of PROTECTED DISCOVERY MATERIAL to defense counsel to comply with the government's discovery obligations. Possession of copies of PROTECTED DISCOVERY MATERIAL is limited to the attorneys of record, and investigators, paralegals, law clerks, experts and assistants for the attorney of record (herein collectively referred to as members of the defense team), and any guardian ad litem appointed in this case.

3. The attorneys of record and members of the defense team may display and review PROTECTED DISCOVERY MATERIAL with the Defendant and any potential trial or motion witnesses solely for the purpose of preparing the defense in this case. The attorneys of record and defense team and members of the defense team acknowledge that providing copies of PROTECTED DISCOVERY MATERIAL to the Defendant and other persons is prohibited except under the conditions outlined below in paragraph 4, and agree not to duplicate or provide copies of PROTECTED DISCOVERY MATERIAL to other persons.

4. The defendant shall view the material responsive to the Standing Discovery Order only as necessary for counsel to prepare the case and only in the presence of defense counsel, or a member of the defense team, except the defendant may view the discovery alone as outlined as follows so long as the defendant remains in the Palm Beach County Jail or Broward County Jail[1]:

   a. Defense counsel shall provide a copy of any discovery to the Palm Beach County Jail or Broward County Jail on an encrypted disk or drive that is password protected;

   b. The Palm Beach County Jail or Broward County Jail will provide a laptop that does not have Internet access, downloading capabilities, and will provide appropriate time for the defendant to view discovery;

   c. The defendant is allowed to take notes and is prohibited from sharing those notes with anyone other than defense counsel or the defense team; and

   d. Upon completion of any review of the discovery by defendant, the encrypted disk(s) or device(s) shall be returned to defense counsel, and the laptop shall be returned to the custody of the Palm Beach County Jail.

5. Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and/or Rule 16

---

[1] If the defendant should be released from the Palm Beach County or Broward County Jails, transferred to another county jail or federal detention or prison facility, he will need permission from this Court to view discovery other than in the presence of defense counsel or the defense team.

of the Federal Rules of Criminal Procedure, and the Local Criminal Rules. Further, this Order shall not restrict the obligations of any duly appointed guardian ad litem in acting in the best interests of the child.

6. Any PROTECTED DISCOVERY MATERIAL that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

7. The provisions of this Order shall not terminate at the conclusion of this prosecution.

8. Any violation of any term or condition of this Order by the Defendant, the Defendant's attorney(s) of record, any member of the defense team, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

9. Any PROTECTED DISCOVERY MATERIAL provided pursuant to this Order shall be returned to the United States Attorney's Office, including all copies, within ten days of the completion of this case before the Court, or, if an appeal is taken, within ten days of the completion of the case in the United States Court of Appeals for the Eleventh Circuit or Supreme Court of the United States.

10. If the Defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the Defendant's violation.

11. This Court is aware that Defense Counsel is unable to physically meet with the defendant to review this document, and sign the same, due to the jail visitation restrictions as a result of the COVID-19 pandemic. Defense counsel will advise the defendant of the restrictions contained herein and the accompanying order; for these reasons the order is without the defendant's signature.

SO STIPULATED:

ARIANA FAJARDO ORSHAN
United States Attorney

By: ___*Gregory Schiller*___   Date: ___12/18/2020___
GREGORY SCHILLER
Assistant United States Attorney

___*Huda Ajlani Macri*___   Date: ___12/18/2020___
HUDA AJLANI-MACRI
Assistant Federal Public Defender

___unable to sign due to COVID-19 restrictions___   Date: _____
DWIGHT CASTALDI
Defendant

IT IS SO ORDERED.

_____   Date: ___12/28/2020___
Rodney Smith
United States District Judge