UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80087-CR-SMITH

UNITED STATES OF AMERICA

vs.

DWIGHT CASTALDI,

          **Defendant.**

_____/

## FACTUAL PROFFER

The United States of America and DWIGHT CASTALDI ("Defendant" or "CASTALDI") agree that had this case gone to trial, the United States would have proven the following facts beyond a reasonable doubt:

1. On March 22, 2018, the Palm Beach Gardens Police Department arrested CASTALDI at his Palm Beach Gardens, Palm Beach County, Southern District of Florida residence, on an outstanding warrant from Huntington Beach California related to CASTALDI's online sexual relationship in 2016 with a 14-year-old California female. During a post-*Miranda* interview, CASTALDI admitted to the illegal relationship and receiving nude photos from the child. CASTALDI further advised that the images were stored on his old, inoperable, white iPhone 6+, and a Seagate hard drive that he used to back up information from a laptop computer that he was using in 2016.

2. The Palm Beach Gardens Police Department obtained and executed a search warrant for CASTALDI's residence the same day. Law enforcement located the following devices in CASTALDI's bedroom: an Apple MacBook Pro, model #A1226; an iPhone, serial # BCG-E2817A, with a cracked screen; a Seagate GoFlex external hard drive, serial #NA1Q1X9TW; a

black Lexar 4GB USB Drive; a Verizon Tablet micro SD Card; and a LG phone. The devices contain material that identified CASTALDI as the user, possessor or owner.

3. The items were transferred to the custody of the Huntington Beach Police Department, who forensically examined the devices following the execution of a State of California search warrant. Child sexual abuse images ("CSAM"; otherwise known as "child pornography") of the 14-year-old California female were found across several of CASTALDI's devices, constituting child pornography under California and federal law.[1]

4. The Huntington Beach Police Department's, and later the Federal Bureau of Investigation (FBI) in the Southern District of Florida, review of the devices revealed several other minor victims, including CSAM of Minor Victim 1 (MV1) and Minor Victim 2 (MV2)[2], distribution and receipt of CSAM, and possession of CSAM, all committed by CASTALDI in the Southern District of Florida.

## MV1 – Count 1 of the Indictment

5. A review CASTALDI's Black Lexar 4GB USB Drive; Seagate GoFlex external hard drive, serial #NA1Q1X9TW; iPhone 6, serial # BCG-E2817A; and MacBook Pro, model #A1226, revealed evidence of the production of child pornography of MV1. MV1 was 13-14 years' of age when CASTALDI communicated online with her between 2008 and 2010. Between nine and sixteen images of MV1 were found on each device. Some of the images displayed her pubic region in a lewd or lascivious manner as the focus of the images[3].

6. FBI agents interviewed MV1. CASTALDI initially contacted MV1 via the TagMe application on MySpace, where she had posted non-nude photographs of herself. CASTALDI also

---

[1] CASTALDI plead guilty in California Superior Court to two counts of violating penal code 288(a) on July 29, 2019 and was sentenced to three years' imprisonment with credit of 569 days.
[2] At the request of the victims, their names and identification are being withheld from this document.
[3] Many of these photographs from each devices appear on the other devices, as they relate to MV2.

communicated with her via text message and e-mail. MV1 recalled that his first or last name might have been in his e-mail address. Several of CASTALDI's email addresses include his first and last name.

7.  MV1 provided that she and CASTALDI communicated during a period of several months when she was in seventh or eighth grade as a 13 or 14-year-old girl. At CASTALDI's request, MV1 sent nude photographs of herself to him. CASTALDI told MV1 that he was only a few years older than MV1 and provided her with numerous compliments. When MV1 told Castaldi that she was devout in her religion, CASTALDI used a religious argument to persuade her to engage in sexual conversation and produce the nude images of herself. CASTALDI asked for specific camera angles or lighting for the photographs he requested; he commented upon receiving sexual images.

8.  At CASTALDI'S request, MV1 photographed herself nude with a digital camera, uploaded the images to her personal computer, and e-mailed him the images. MV1 stated that she previously had a mole on the right side of her neck; only a scar remains having had the mole removed. The mole was visible in the photographs recovered from CASTALDI's devices. MV1 identified the child pornographic photographs found on CASTALDI's devices as herself, and as those she sent to Dwight Castaldi.

9.  CASTALDI sent non-nude photographs to MV1 that he claimed were photographs of what appeared to be a teen-aged boy, who is not CASTALDI. CASTALDI told MV1 that he was seventeen years old, and the photographs he sent supported this fabrication. After some time they stopped communicating. However, several years ago, MV1 searched for information on CASTALDI on the internet and discovered his true identity and that he lied about his age.

10. On August 18, 2020, Federal agents interviewed CASTALDI, post-*Miranda*, at the California Rehabilitation Center. In regards to MV1, CASTALDI identified MV1's photograph and provided her real name. CASTALDI advised meeting MV1 on MySpace and that their relationship went on for approximately two years. He confirmed MV1 was 14 to 15 years old when then met. CASTALDI stated that he asked MV1 for sexual photos and received the same.

## MV2 – Count 2 of the Indictment

11. A review of CASTALDI's Seagate GoFlex external hard drive, serial #NA1Q1X9TW; iPhone 6, serial # BCG-E2817A; and MacBook Pro, model #A1226, revealed evidence of the production of child pornography of MV2. MV2 was 13-15 years' of age when CASTALDI communicated with her between 2012 and 2013. Between twenty-six and forty-six images of MV2 were found on each device. On each devices, nearly half the images included a display of MV2's pubic region or anus, as the focus of the photograph. Some of these photographs include her face. Several of the photographs are clothed, but sexually suggestive.[4]

12. FBI agents interviewed MV2. She relayed that she met CASTALDI on MySpace. MV2, when asked by the agents, would not say CASTALDI's name, but wrote down "Dwight Castaldi" as the person who asked her to produce, and to whom she had sent, naked photographs of herself. As CASTALDI never sent his actual photo (as MV2 later discovered), MV2 could not identify CASTALDI's photograph.

13. MV2 recalled that CASTALDI's Myspace page profile photo looked like "a model." CASTALDI told MV2 he loved her. CASTALDI asked MV2 to send nude photos to him. CASTALDI directed her how to pose and told her what to do in each photo. CASTALDI and MV2 "sexted" words and photos. MV2 noticed that the nude images that CASTALDI would

---

[4] Many of these photographs from each devices appear on the other devices, as they relate to MV2.

send did not match his Myspace page profile photo. On his MySpace page, MV2 saw that CASTALDI called another girl "baby," which upset her because she thought she was in an exclusive relationship with him.

14.     MV2 began to suspect something was wrong when CASTALDI never wanted to video chat. MV2 performed an Internet history on his name. She discovered CASTALDI lived in Jupiter, Florida, and was not the boy she thought she was talking too. She found a photo of "Dwight Castaldi" who looked much older than 16 or 17. MV2 stopped talking to CASTALDI by the time she was in high school.

15.     MV2 identified herself in seven (7) photographs FBI agents showed her. Each of these photographs were recovered from CASTALDI's devices listed above. MV2 recalled taking the first four photos at CASTALDI's request when she was approximately 13 years' old, and sending them to CASTALDI. These photos were also taken while MV2 was a minor.

16.     On August 18, 2020, Federal agents interviewed CASTALDI, post-*Miranda*, at the California Rehabilitation Center. In regards to MV2, CASTALDI identified her photograph and provided her real name. He stated MV2 was a minor when they interacted online and that they texted sexually to each other. CASTALDI advised he met MV2 on MySpace and that their relationship lasted for approximately two years while she was a minor. CASTALDI stated that he received sexually explicit photographs from MV2.

## MV 3 – Count 3 of the Indictment

17.     A review of the castaldid@gmail.com iMessage and iChat conversations recovered from CATSALDI's MacBook Pro produced another minor female who CASTALDI communicated with to solicit or entice of sexual activity, who was 15 years' old, hereinafter known as Minor Victim 3 or MV3, when she began to communicate with CASTALDI. CASTALDI and

MV3 discussed several sexually explicit topics, including CASTALDI providing MV3 guidance on how to perform anal sex. The castaldid@gmail.com account was utilized to send the following message to MV3 on 01/25/2018:

> "I guarantee if you got together with me, I'll prep you for anal sex the right way and I bet you it won't hurt at all when I push my dick in. Prepping for anal sex can take as little as a few minutes to several hours depending on the girl."

18.    On CASTALDI's MacBook Pro was a folder named with MV3's first name, which contained: an iMessage screenshot where MV3 (email address above is visible) & CASTALDI communicate about loving each other; a document depicting sexual acts entitled "[MV3] 2.docx" where CASTALDI described in the first person how he has sex with a young girl in the woods; and, a document entitled, "bad little.docx" in which he describes a fantasy story regarding the Dominant Daddy / Little Girl (DD/LG) lifestyle.  The folder also contained 35 photos where MV3's face was visible: some with a pacifier in her mouth (in line with the DD/LG relationship); selfies showing MV3 in her bedroom; one of MV3 standing in front of her closet-mirror that showed the reflection of her room.

19.    A search warrant return from Facebook for CASTALDI's account produced messages between CASTALDI and MV3 beginning on 6/22/16 where CASTALDI reached out to MV3 because she did not respond to him on "Kik or regular text." He acknowledged the particular State outside of Florida MV3 was in, and she acknowledged that CASTALDI was in Florida.  CASTALDI offered to send MV3 a phone to replace her broken one, but she was worried she would "get in trouble for it."  When MV3 said she was being "hit on" by a married woman who was 27, CASTALDI replied that she was 11 years older than MV3 (e.g. implying that MV3 was 16).  MV3 sent a selfie with music lyrics written on a mirror and soon after, CASTALDI wrote, "If you don't take this in a bad way. But I'd so love to lay you on your bed and kiss you and

make love to you all night long." The room in the background of MV3's photo is the same room as found in the photo on CASTALDI's laptop noted above. MV3 asked CASTALDI about his thoughts on DDLG relationships and CASTALDI said he found it interesting and would like to do this with her.

20. A search warrant return from Google for CASTALDI's Google account produced Google Hangout conversations from CASTALDI's castaldid@gmail.com account to MV3, whose account name was MV3's childhood nickname. In the conversations, CASTALDI engaged in an online DD/LG relationship with MV3. CASTALDI enticed MV3 with descriptions of parental treatment and sexual activities, including: "In the shower or bath I'd have you sit in my lap and I'd softly touch you all over and gently rub your clit or if you been a good girl I'd push my dick inside you and let you ride it…daddy would give you lots of pleasure and sex, if not daddy would punish you with spankings. When we have sex and stuff I'd tie you up using hand and ankle cuffs in different positions. Also have rope too. I'd use various toys on you." The DD/LG relationship continued throughout their exchange and involved conversations about day to day activities and sexual activities, including penetrative anal and vaginal sex as well as "throat fucking." CASTALDI noted the length of their relationship was two years. CASTALDI referred to the fake age of his alias and his desire to keep the relationship secret: "And for the record I wasn't 21 when we met. That website is designed for people up to 19 or 20 so he can't sit there and say what I did was wrong. …We have known each other for 2 years now. And a 4 year age gap is nothing in today's world. So I don't see what he is making a big deal about. Again I wasn't 21 when we met!"

21. MV3 told the FBI she had been in an online dating relationship with CASTALDI between 2015 and 2016, noting she communicated to CASTALDI using iMessage on her school

issued laptop and school email address. That email address was confirmed by the school district to belong to MV3. MV3 acknowledged the images recovered from CASTALDI's computer depicting her face were sent by her to CASTALDI. MV3 confirmed her childhood nickname from the Google Hangouts with CASTALDI. She believed her relationship with CATSALDI, which began when she was a 15-year-old sophomore, to be exclusive. MV3 never saw CASTALDI's real photograph until several years ago when her friends found his real profile on LinkedIn. MV3 confronted CASTALDI about this and he admitted it was his real profile.

22. On August 18, 2020, Federal agents interviewed CASTALDI, post-*Miranda*, at the California Rehabilitation Center. In regard to MV3, CASTALDI very quickly identified her photograph. CASTALDI admitted their relationship began when MV3 was 15 years' old. CASTALDI admitted they had sexually explicit conversations together. CASTALDI said MV3 broke it off because she was dating someone else around Christmas time, but stayed in contact after that. He said, "out of all of them, I probably cared for her the most." CASTALDI said his feelings are genuine, if not misplaced. He said if he were released, and MV3 contacted him, he does not know how he would react because it might cause him to reengage and reoffend.

**Possession of Child Pornography From Castaldi's Residence – Count 4 of the Indictment**

23. Upon review of CASTALDI's Seagate GoFlex external hard drive, serial #NA1Q1X9TW, seized from his residence on March 22, 2018, the FBI identified hundreds of images and videos of child pornography as well as categorized file folders with the names of some identified, and some unidentified, minor females. Contained in those folders were images of teenage girls in various stages of undress or sexually explicit positions exposing their breasts and/or vagina. Many of the girls appeared to be minors. Some of the images included children who were very young, including toddlers, children having penile, vaginal or oral sex with each

other, or child rape by an adult.

24.     CASTALDI's MacBook Pro, model #A1226, seized from his residence on March 22, 2018, contained hundreds of images and videos of child pornography.  For example, a video file titled, "cpfans.wmv," found to exist on the computer since December 2, 2013, was a video file 4m25s in length that is a compilation of child pornography videos that is spliced together and set to music.  There were numerous other child pornography videos with the same date located on the MacBook Pro.  Other videos found on the MacBook Pro included:

      a.     Title: 01 primera parte; Description: a video of an adolescent female stripping an infant female, forcing the infant to suck the adolescent female's nipple and perform cunnilingus as the infant cries.  The adolescent female digitally penetrated infant's vagina;

      b.     Title: 01 2015-06-30 22.20.49.mp4; Description: a compilation of video clips showcasing intercourse with small and very young children; and

      c.     Title: MG_1045.mp4; Description: video compilation involving fellatio performed on adult men by children, and clips involving the vaginal and anal penetration of very small children by adult men, and a child wearing a mask or a gag with their hand in an adult female's vagina.

25.     CASTALDI's black Lexar thumb drive, which was seized from his residence on March 22, 2018, contained child pornography images of young teenage girls displaying their pubic region as the focus of the camera.

26.     The micro SD card recovered from CASTALDI's Verizon Tablet device, which was seized from his residence on March 22, 2018, revealed child pornography videos to include:

      a.     Title: 0004-0000; Description: video of two young children performing fellatio on an adult male while in the bath tub.  The female child was penetrated with a sex toy

while adult male performs anal intercourse with her;

      b.      Tile: 0007-0000; Description: video of female child performing fellatio and

      c.      0021-0000 – video of female toddler performing fellatio on an adult male.

**Possession of Child Pornography From Castaldi's Lenovo Laptop – Count 5 of the Indictment**

27.      In 2017, CASTALDI gave a Lenovo Laptop, serial #L3-HV2B1, to a former co-worker. The co-worker advised to trying to use the laptop on one occasion, and when it could not access the internet, stored the computer, never using it again. That co-worker turned the laptop over to the FBI, which revealed child pornography of very young (toddler) children, sex with children, oral sex with children, children giving oral sex, naked boys being touched on their penis. Forensically the earliest access to material related to any of the child sexual abuse material was in August 2013 and the last internet connection was on April 27, 2017. There was access within the computer in October 2017 but no connection to the Internet.

**Distribution and Receipt of Child Pornography - Counts 6 and 7 of the Indictment**

28.      Discovered on CASTALDI's Apple MacBook Pro, model #A1226, was an exchange between CASTALDI's Dwight_castaldi@yahoo.com email address and r******@yahoo.in[5]. The email exchange recovered from Castaldi's MacBook Pro, showed that on November 14, 2013, r******@yahoo.in received an email with the subject line "CP," which is the known abbreviation for "child pornography." The body of the email said "thank you," and contained 27 photographs. On November 27, 2013, r******@yahoo.in forwarded the same to CASTALDI's Dwight_castaldi@yahoo.com email address, which he received. CASTALDI responded that same day, "Damn holy crap. The video was hot. Do you have any videos of

---

[5] Redacted as this continues to be part of an ongoing investigation.

f&*#ing?"[6] r******@yahoo.in replied a few minutes later, "Send ur first." CASTALDI responded, "??????? Well". CASTALDI then sent an email to r******@yahoo.in, saying, "Hope you like these," and attached 10 photographs of child pornography, each of which contained, as the focus of the image, the exposed vagina of a pre-teenage girl. On December 8, 2013, CASTALDI sent an email to r******@yahoo.in entitled, "pic set for you." The email contained 39 images of child pornography, including almost entirely prepubescent and toddler females exposing their vaginas or whose vagina were penetrated.

## Elements

29. By agreeing to these facts, CASTALDI agrees the following elements of production of child pornography, as charged in Counts 1 and 2 of the Indictment, would be proven beyond a reasonable doubt had this case gone to trial:

   a. an actual minor, that is, a real person who was less than 18 years old, was depicted;
   b. the Defendant used, persuaded, induced, enticed, coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction, e.g., a live streaming video or photograph of the conduct; and
   c. either (a) the Defendant knew or had reason to know that the visual depiction would be mailed or transported in interstate or foreign commerce; (b) the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; or (c) the visual depiction was mailed or actually transported in interstate or foreign commerce.

30. By agreeing to these facts, CASTALDI agrees the following elements of using a means of interstate commerce to persuade, induce, entice, and coerce a minor to engage in sexual

---

[6] Redacted language.

activity, as charged in Count 3 of the Indictment, would be proven beyond a reasonable doubt had this case gone to trial:

  a. the Defendant knowingly persuaded, induce, entice, or coerce a minor to engage in sexual activity;

  b. the Defendant used a computer, cellular telephone, or the Internet to do so;

  c. when the Defendant did these acts, the minor was less than 18 years old; and

  d. one or more of the individuals engaged in the sexual activity could have been charged with a criminal offense under Florida law.

31. By agreeing to these facts, CASTALDI agrees the following elements of possession of child pornography, as charged in Counts 4 and 5 of the Indictment, would be proven beyond a reasonable doubt had this case gone to trial:

  a. the Defendant knowingly possessed one or more matters which contained any visual depiction of a minor engaged in sexually explicit conduct;

  b. the items of child pornography had been transported in interstate or foreign commerce including by computer;

  c. the production the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct; and

  d. the Defendant knew that the visual depiction involved the use of a minor engaging in sexually explicit conduct.

32. By agreeing to these facts, CASTALDI agrees the following elements of receipt and distribution of child pornography, as charged in Counts 6 and 7 of the Indictment, respectively, would be proven beyond a reasonable doubt had this case gone to trial:

  a. the Defendant knowingly *received / distributed* a visual depiction;

  b. the depiction was shipping or transported in interstate or foreign commerce by any means including by computer;

  c. producing the visual depiction involved using a minor engaged in sexually explicit conduct;

d. the depiction is of a minor engaged in sexually explicit conduct; and

e. the Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 6/29/2021 By: *Gregory Schiller* .
GREGORY SCHILLER
ASSISTANT UNITED STATES ATTORNEY

Date: 6/16/2021 By: *s/Huda Ajlani Macri* .
HUDA AJLANI-MACRI
ATTORNEY FOR DEFENDANT

Date: 6/16/2021 By: *HAM for s/ Dwight Castaldi* .
DWIGHT CASTALDI
DEFENDANT