UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  20-80087-CR-SMITH

UNITED STATES OF AMERICA

vs.


DWIGHT CASTALDI,

                    Defendant.
_____/

**DEFENDANT'S SENTENCING MEMORANDUM**

Mr. Castaldi, though undersigned counsel, files this sentencing memorandum in support of his request for this Court to consider a downward variance and sentence him to twenty years imprisonment with five years of supervision to follow. While the Draft Presentence Investigation (PSR) recommends Life, Mr. Castaldi's history and characteristics and the nature of the offense, as well as the need to avoid unwarranted sentencing disparities, all indicate that Mr. Castaldi's case falls outside of the heartland of cases meant to be covered by the applicable sentencing guidelines and that a sentence of twenty years' imprisonment is sufficient but not greater than necessary to meet to federal goals of sentencing pursuant to 18 U.S.C. 3553(a).

## I.    **Mr. Castaldi is amenable and motivated for treatment**.

Although it was not mentioned in the PSR, Mr. Castaldi informed United States Probation of his intent to enroll in a residential program for sexual offenders upon his anticipated release from prison in California in 2020. Mr. Castaldi recognizes that

1

he needs assistance from a mental health professional and regrets that he was not afforded adequate mental counseling as a child. Around the age of 13, Mr. Castaldi received a few months of therapy through the court system which he liked; however due to the instability after his parents separation, Mr. Castaldi was not able to follow through with his therapy.

## II. U.S.S.G. §2G2.2 is problematic as applied in Mr. Castaldi's PSI, Group 1 – Distribution of Child Pornography, Counts One, Four, Five, Six and Seven

In the 2012 U.S. Sentencing Commission's Report to Congress regarding federal child pornography offenses, the Commission stated bluntly:

> [T]he current non-production guideline warrants revision in view of its outdated and disproportionate enhancements related to offenders' collecting behavior as well as its failure to account fully for some offenders' involvement in child pornography communities and sexually dangerous behavior. The current guideline produces overly severe sentencing ranges for some offenders, unduly lenient ranges for other offenders, and widespread inconsistent application.

*U.S. Sentencing Commission's Report to Congress: Federal Child Pornography Offenses,* (hereinafter, "the Report"), Chap. 12, p. 331, (Dec. 2012*) available at http://www.ussc.gov/Legislative_and_Public_Affairs/Congressional_Testimony_and_Reports/Sex_Offense_Topics/201212_Federal_Child_Pornography_Offenses/index.cfm.* Mr. Castaldi acknowledges that since the Report issued as well as the most recent 2020 publication of the Report, neither Congress nor the Sentencing Commission has changed § 2G2.2; however, the problems identified and detailed by the Sentencing Commission are real, persist and must be considered by this Court in determining a sentence that is sufficient but not greater than necessary.

A. <u>Enhancements for use of a computer and prepubescent minors apply in all § 2G2.2 cases and are no longer a meaningful way to punish more egregious conduct.</u>

Mr. Castaldi received an enhancement for images depicting a prepubescent minor and an additional enhancement for use of a computer. (PSR ¶ 103.) These enhancements have been available since the late eighties and mid-nineties. (Report, Chap. 6, p. 138.) As shown in the following figure taken from the Report, these two enhancements now apply to "virtually all non-production offenders:"



**Figure 6-9**
**Application of Specific Offense Characteristics:**
**Non-Production Offenses**
**Fiscal Years 1992-2010**

Note: Only cases with complete guideline application information are included in this analysis. The SOC for computer use was first introduced in Fiscal Year 1997.
SOURCE: U.S. Sentencing Commission, 1992-2010 Datafile, USSCFY92-10.

(*Id.* at p. 139.)

B.  <u>Similarly, enhancements for sadomasochistic images, as well as number of images, apply in almost every case.</u>

Mr. Castaldi received enhancements for sadomasochistic images, as well as the maximum enhancement for number of images. (PSR ¶¶ 105, 108.) According to the Report, there has been a steady increase in the application of enhancements related to sadomasochistic images: in 2005, the enhancement applied in approximately 60 percent of cases, and by 2010, it applied in nearly 75 percent of cases. (Report, Chap. 6, p. 141.) Additionally, "in fiscal year 2010, 1,602 of 1,654 offenders (96.9%) received an enhancement pursuant to § 2G2.2(b)(7) based on the number of images that they possessed, and 1,115 of the 1,602 (69.6%) received the maximum 5-level enhancement based on possession of 600 or more images." (*Id.*) Again, this empirical data demonstrates that the guidelines are generating arbitrarily high ranges that do not differentiate among conduct and offenders. These trends in application continue to persist through 2019 as indicated in the 2020 Report. As such, this too, militates in favor of a below-guidelines sentence for Mr. Castaldi.

The importance of discussing all of these enhancement is that they demonstrate that the severity of Mr. Castadi's offense is artificially inflated by factors that do not equate with an enhanced culpability. These enhancements in his PSR are present in most § 2G2.2 offenders' PSIs.

The overwhelming majority of § 2G2.2 offenders in fiscal year 2010 were white United States citizens in Criminal History Category I.[1] The average age of such offenders was 42. The typical offender was employed at the time of the offense, had at least some college education, and had a positive net worth at the time of sentencing. The vast majority of non-production offenders reported neither a history of childhood sexual abuse nor a history of substance abuse. Over one-quarter of non-production offenders had a record of military service.

(Report, Chap. 6., p. 164.)

### III. Although the report mainly dealt with non-production guidelines, U.S.S.G. § 2G2.2, the Commission did touch briefly on production cases, under § 2G2.1 as applied to Group 2: Production of Child Pornography, Count 2.

The Commission noted that most production defendants "had sexual contact with a prepubescent minor." *Id*. At 330. The Commission further noted that a "minority of offenders, however, did not engage in any physical contact with their victims, and a subset of those offenders were never physically present with their victims because they caused the production of child pornography remotely (e.g., via webcam or through email)." *Id.* Mr. Castaldi is convicted of production, but he did so remotely and with teenagers and not with any prepubescent children. Mr. Castaldi thus belongs to a subset of a subset that encompasses the least culpable of production defendants. Yet the Commission notes that the average sentence for all production defendants, most of which are substantially more culpable than Mr. Castaldi, was

---

[1] The PSR calculates Mr. Castaldi's criminal history category as II, however the charge out of California in ¶136,that United States Probation relies on to assess 3 points is for conduct that is part of the instant offense contrary to §4A1.2 (a). Mr. Castaldi's criminal history category should be I.

274 months.  *See id.*   Mr. Castaldi's guidelines are Life and substantially higher than what is usually imposed on those substantially more culpable than he is.

In addition, the Sentencing Commission compiles comprehensive statistics on sentences imposed in every federal district and nationally.   Nationally, the 1,858 sentences for child pornography had a mean sentence of 157 months' imprisonment and a median sentence of 97 months' imprisonment.   Nationally, the 818 sentences for sex abuse had a mean sentence of 201 months' imprisonment and a median sentence of 180 months' imprisonment.   In the 11th Circuit, sentences for sex abuse had a mean sentence of 229 months imprisonment and a median sentence of 216 months imprisonment. U.S.S.C. Statistical Information Packet, Fiscal Year 2020, Southern   District   of   Florida,   Table   7,   available   at www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2015/fls15.pdf (last visited September 30, 2021). What is especially notable is that in the 11th Circuit, the mean sentence for murder is 292 months imprisonment and the median sentencing is 360 months.[2]

## IV. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conducts weighs heavily in favor of a downward variance in Mr. Castaldi's case.

Mr. Castaldi pled guilty to a seven count indictment including two counts of production of child porn which have a mandatory minimum sentence of 15 years with a maximum of 30 years; enticement of a minor with a 10 year mandatory minimum

---

[2] Table 7 is attached as Exhibit 1 for the Court's review to examine average sentencing nationally and within the 11th Circuit.

up to Life; two counts of possession of child pornography with 20 year maximum sentences as to each count; and receipt as well as distribution of child pornography each with a 5 year mandatory minimum up to 20 years imprisonment. Effectively, Mr. Castaldi is looking at 15 years to Life with 5 years to life of supervised release.

Mr. Castaldi's guidelines calculation is life. In comparison with other similarly situated defendants within the Southern District of Florida, a sentence of anything more than 20 years would contribute to an unwarranted sentencing disparity that is not justified under the facts and circumstances of this case. Some recent cases that are worth note are as follows:

### Brian Wayne Schmuhl

20-60009-CR-Smith

Sentenced 9/15/2020

I.      Enticement of a minor 18 U.S.C. 2422(b)

II.     Attempted Enticement of a minor 18 U.S.C. 2422(b)

**Sentence 135 Months with Life Supervised Release**

Guideline Range 235-293

### Neil Greenberg

19-60132-RAR

Sentenced 9/14/2021

I.-III.  Production of Child Pornography

IV.     Sex Trafficking of Minors

V.      Sex Trafficking of Minors

**Sentence 120 months with Life Supervised Release**

Guidelines Range Life

**Daunte Beck-Moon**

20-60158-WPD

Sentenced 9/28/2021

I.      Production of Child Pornography

II.     Distribution of Child Pornography

**Sentenced to 360 months with 5 years SR**

Guidelines Range Life


**Jocques Richardson**

20-60142-Smith

I.      Enticement of a minor

**Sentenced to 120 months with 15 years SR**

Guidelines Range 235-293


This is not an exhaustive list of all the cases in the Southern District, rather these cases are notable because they are all **Fort Lauderdale Division** cases and three of the cases' offense conduct included ***multiple incidents of physical sexual contact*** including penetration and  molestation of the minors in their cases.[3] Mr. Castaldi never traveled to meet any minors nor did he ever have physical contact with them.

---

[3] Undersigned counsel represented all of the defendants listed above and has personal knowledge of the facts and circumstances in their respective cases

**V.      The collateral consequences of being a registered sex offender in Florida will remain with Mr. Castaldi forever.**

As discussed at the change of plea, once subject to the SORNA requirements, Mr. Castaldi will have to obey very strict residency requirements as well as requirements restricting every aspect of his life. The special conditions of supervised release restrict use of computers, internet, self-employment, debt accumulation, contact with minors, allows for permissible searches and unannounced searches, financial restrictions, etc.  Mr. Castaldi will be supervised for at least five years and these requirements will stay with him for the rest of his life. There is not a day that will go by that Mr. Castaldi will be reminded of the punishment that comes with the offense that he has accepted responsibility for. This certainly affords adequate deterrence to any further criminal conduct.

**VI.      The risk of recidivism decreases with age.**

The Court should take into consideration that Mr. Castaldi is currently 45 years old. After serving a 20 year sentence, he will be 65 years old and will likely be supervised for the rest of his natural life. Studies show that the rate of recidivism decreases with age and that familial support further decreases the chance that a person will reoffend.[4] Mr. Castaldi has support from his father, who has been with him every step of the way and will support him through his incarceration.

---

[4] *See* U.S. Sentencing Commission, The Past Predicts the Future: Criminal History and Recidivism of Federal Offenders (March 2017). https://www.ussc.gov/research/research-reports/criminal-history-and-recidivism-federal-offenders

## VII.   Mr. Castaldi has waived his constitutional rights to trial.

Mr. Castaldi has accepted responsibility and waived his right to trial which should not be taken lightly. Although the guidelines provide for and reflect the fact that he accepted responsibility by the three level decrease in the calculation, trial by jury is a bedrock of our democracy and every defendant is entitled to a trial. If every defendant who had a right to trial exercised that right, the Government and the Court's resources would be extremely strained-to say the least. At a time during a global pandemic that doesn't seem to have an end in sight, Mr. Castaldi's waiver of these inalienable rights should count for more than what has been historically rewarded. He has spared the federal government from the financial expense of proving this case and the logistical nightmare of trying a case during covid times. Most importantly, Mr. Castaldi has spared the minors and their families from having to disrupt their lives to tell their stories publicly in a trial which undoubtedly would have left them embarrassed and re-traumatized.

**VIII.   Mr. Castaldi has agreed to all the restitution that the Government is seeking on behalf of the victims and will not be contesting any amount sought.**

Wherefore, Mr. Castaldi respectfully requests that the Court sentence him to twenty years in prison followed by 5 years of supervised release.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER


By:      s/ *Huda Ajlani-Macri*
Assistant Federal Public Defender
Florida Bar No. 27381
One East Broward Boulevard, Suite 1100
Fort Lauderdale, Florida 33301-1842
Tel: 954-356-7436
Fax: 954-356-7556
E-Mail: Huda_Ajlani-Macri@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on October 4, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: _s/ *Huda Ajlani-Macri* AFPD

**Table 7**

**SENTENCE LENGTH BY TYPE OF CRIME**
**Fiscal Year 2020**

| TYPE OF CRIME | National | | | Eleventh Circuit | | |
|---|---|---|---|---|---|---|
| | Mean Months | Median Months | N | Mean Months | Median Months | N |
| **TOTAL** | **40** | **14** | **64,564** | **55** | **30** | **4,970** |
| Administration of Justice | 11 | 8 | 542 | 11 | 6 | 37 |
| Antitrust | 8 | 6 | 11 | 11 | 10 | 3 |
| Arson | 78 | 60 | 48 | 126 | 102 | 8 |
| Assault | 64 | 36 | 618 | 89 | 59 | 28 |
| Bribery/Corruption | 15 | 8 | 240 | 14 | 11 | 58 |
| Burglary/Trespass | 19 | 15 | 39 | -- | -- | 0 |
| Child Pornography | 102 | 84 | 1,023 | 105 | 90 | 89 |
| Commercialized Vice | 20 | 12 | 53 | 29 | 15 | 9 |
| Drug Possession | 3 | 0 | 438 | 2 | 0 | 17 |
| Drug Trafficking | 76 | 60 | 16,390 | 90 | 72 | 1,477 |
| Environmental | 3 | 0 | 137 | 6 | 5 | 22 |
| Extortion/Racketeering | 23 | 12 | 120 | -- | -- | 1 |
| Firearms | 48 | 37 | 7,539 | 60 | 46 | 835 |
| Food and Drug | 17 | 4 | 33 | 3 | 3 | 4 |
| Forgery/Counter/Copyright | 17 | 12 | 198 | 16 | 12 | 29 |
| Fraud/Theft/Embezzlement | 19 | 8 | 4,823 | 26 | 18 | 718 |
| Immigration | 8 | 5 | 26,561 | 6 | 2 | 1,009 |
| Individual Rights | 55 | 24 | 70 | 41 | 33 | 4 |
| Kidnapping | 195 | 168 | 66 | 125 | 120 | 5 |
| Manslaughter | 56 | 47 | 38 | -- | -- | 0 |
| Money Laundering | 58 | 34 | 880 | 59 | 33 | 97 |
| Murder | 255 | 228 | 294 | 292 | 360 | 18 |
| National Defense | 38 | 24 | 165 | 41 | 28 | 16 |
| Obscenity/Other Sex Offenses | 19 | 18 | 318 | 20 | 18 | 37 |
| Prison Offenses | 11 | 8 | 457 | 7 | 4 | 32 |
| Robbery | 105 | 87 | 1,316 | 110 | 92 | 130 |
| Sexual Abuse | 201 | 180 | 881 | 229 | 216 | 95 |
| Stalking/Harassing | 29 | 21 | 225 | 43 | 24 | 31 |
| Tax | 15 | 12 | 366 | 27 | 18 | 37 |
| Other | 2 | 0 | 675 | 2 | 0 | 124 |

Of the 64,565 National cases, one case was excluded due to missing or indeterminable sentencing information.

Of the 4,970 cases from the Eleventh Circuit, no cases were excluded.

Sentences of 470 months or greater (including life) and probation were included in the sentence average computations as 470 months and zero months, respectively.  The information in this table includes conditions of confinement as described in USSG §5C1.1.

SOURCE:  U.S. Sentencing Commission, 2020 Datafile, USSCFY20.