UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-80087-CR-SMITH

**UNITED STATES OF AMERICA,**

v.

**DWIGHT CASTALDI,**

      **Defendant.**

_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT

COMES NOW, the United States of America, hereby files this response to the defendant's objection to the presentence investigation report, and states as follows:

The defendant's sole objection to the presentence investigation report (PSR) is to the criminal history category II assigned to the defendant because of his conviction in California case number 2016-13190 (PSR ¶¶ 136, 137). He asserts that this is not a "prior sentence" under United States Sentencing Guideline (USSG) § 4A1.2(a) because the prior conviction was conduct that was part of the instant offense. In fact, the prior conviction was not part of the instant offense and should be awarded criminal history points.[1]

"The term 'prior sentence' means any sentence previously imposed upon adjudication for guilt ... for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). "Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct)." U.S.S.G. § 4A1.2 comment. (n.1). In turn, "relevant

---

[1] Regardless of the Court's decision on this matter, the guideline calculation will not change. The defendant's offense level, prior to acceptance of responsibility is 50. Whether he is a criminal history category I (as he requests) or category II (as the PSR contemplates and the government agrees), his guideline range will still be life.

conduct" includes, inter alia, "all acts and omissions committed ... by the defendant that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense ...." U.S.S.G. § 1B1.3(a)(1) (emphasis added).

Cases are related for purposes of § 4A1.2 if they (1) occurred on a single occasion; (2) were part of a single common scheme or plan; or (3) were consolidated for trial or sentencing. *United States v. Jones*, 899 F.2d 1097, 1101 (11th Cir.1990) (quoting commentary following Guideline § 4A1.2).

In *United States v. Johnson*, 87 F.3d 1257, 1260 (11th Cir. 1996), the defendant argued that a prior robbery conviction should not have been considered in his criminal history category determination "because his participation in the robbery was part of the instant [drug] conspiracy offense, and thus not a "prior sentence" as defined by U.S.S.G. § 4A1.2(a)(1)." *Id*. at 1258-9. Johnson argued that the prior robbery conviction should not count against him because it was charged as the overt act within a drug conspiracy count of the current Indictment and was thus relevant conduct; not to be considered a prior sentence. *Id.* at 1259. The Eleventh Circuit held that the prior state robbery conviction would not be grouped with the conspiracy Indictment. "Consequently, it is not 'relevant conduct' within the meaning of § 1B1.3, and by reference back to § 4A1.2(a)(1), it was not part of the 'instant offense.' Therefore, because the robbery sentence was 'imposed upon an adjudication of guilt,' it is a 'prior sentence' within the meaning of § 4A1.2(a)(1) and may be used in determining Johnson's criminal history category." *Id.* at 1260.

Thus, the outcome the court makes is highly fact specific. In this case, the counts resulting from the victimization of three (3) separate victims were not grouped together. PSR § 126. Moreover, the defendant's actions against the California case victim had nothing to do with any

of the victims in the current Indictment.  It is true, that the California victim's case led to the discovery of the other victims in the Indictment in this case, but the facts of the California victim and the defendant's criminal actions towards the California victim are not relevant to the instant offense, as those prior actions did not occur during the commission of the offense of conviction, in preparation for the offense of conviction, nor in the course of attempting to avoid detection or responsibility for the offense of conviction.

Therefore, the facts from the prior conviction would likewise be grouped separately, not be relevant conduct, and would be a prior sentence for criminal history.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: *s/Gregory Schiller*
GREGORY SCHILLER
ASSISTANT U.S. ATTORNEY
Court ID # A5501096
500 Australian Avenue, Suite 400
West Palm Beach, FL 33401
Phone: (561) 209-1045
Email: gregory.schiller@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 5, 2021, I electronically filed the foregoing document with the Clerk of the Court, and served a copy upon all counsel of record, using CM/ECF.

By:  *s/Gregory Schiller*
Gregory Schiller
Assistant United States Attorney