UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CR-80087-SMITH

UNITED STATES OF AMERICA

v.

DWIGHT CASTALDI,

    Defendant.

UNITED STATES' MOTION FOR
PRELIMINARY ORDER OF FORFEITURE

Pursuant to 18 U.S.C. § 2253, 18 U.S.C. § 2428 and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States"), by and through the undersigned Assistant United States Attorney, hereby moves for the entry of a Preliminary Order of Forfeiture against Defendant **DWIGHT CASTALDI** (the "Defendant") in the above-captioned matter. The United States seeks a preliminary order of forfeiture and the forfeiture of certain property in satisfaction thereof. In support of this motion, the United States provides the following factual and legal bases.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On December 1, 2020, the United States filed an Indictment charging the Defendant in Counts 1 and 2, with production of child pornography. The Defendant did use, persuade, induce, entice and coerce Minor Victim 1 to engage in sexually explicit conduct, and the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in or affecting interstate and foreign commerce by any means, as defined in 18 U.S.C. § 2251(a) and (e), and such visual depiction was of such conduct, in violation of Title18, United States Code,

Sections 2251(a), 2251(e) and 2.  In Count 3 with using a facility and means of interstate commerce, that is, the Internet, knowingly persuaded, induced, enticed and coerced an individual, Minor Victim 3, who had not attained the age of eighteen years, to engage in sexual activity for which any person can be charged with a criminal offense under Florida state law, in violation of Title 18, United States Code, Section 2422(b).  In Counts 4 to 7 with knowingly possessing matter, which contained any visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and which was produced using materials which have been so shipped and transported, by any means including by computer, and the production of such visual depiction having involved the use of a minor engaged in sexually explicit conduct, depiction having involved the use of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2), and such visual depiction was of such conduct, in violation of Title18, United States Code, Sections 2252(a)(4)(B) and (b)(2) Indictment, ECF No. 5.

The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of Title 18, United States Code, Section 2252, the Defendant shall forfeit any visual depiction of a minor engaged in sexually explicit conduct, and any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, Chapter 110, pursuant to Title 18, United States Code, Section 2253(a)(1); any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such violation; and any property, real or personal, used or intended to be used to commit or to promote the commission of such violation and any property traceable to such property.  Upon conviction of a violation of Title 18, United States Code, Section 2422, the Defendant shall forfeit such person's interest in any property, real or

personal, that was used or intended to be used to commit or to facilitate the commission of such violation and any property, real or personal, constituting or derived from proceeds that such person obtained, directly or indirectly, as a result of such violation. *See Id.* at 5-6. The Indictment alleged that the property subject to forfeiture as a result of the alleged offense includes, but is not limited to:

  a. One (1) HP Seagate GoFlex external hard drive, serial #NA1Q1X9TW;
  b. One (1) MacBook Pro, model # A1226;
  c. One (1) Black Lexar 4GB USB Drive;
  d. One (1) Verizon Tablet micro SD Card;
  e. One (1) iPhone 6, serial # BCG-E2817A;
  f. One (1) LG Phone; and
  g. One (1) Lenovo Laptop, serial number # L3-HV2B1.

The Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 26.

## II. MEMORANDUM OF LAW

### A. Directly Forfeitable Property

Title 18, United States Code, Section 2252 and Title 18, United States Code, Chapter 110, property, real or personal was used or intended to be used by defendant to commit or to facilitate the violation charged in the Information, or which property, real or personal, constitutes or is derived from proceeds that defendant obtained, directly or indirectly, from the violation of Possession of Child Pornography. If a Defendant is convicted of such violation, the Court "shall order" the forfeiture of property as part of the sentence. *See* Title 18, United States Code, Section 2252. Criminal forfeiture is governed by the preponderance standard. *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). Upon finding that property is subject to forfeiture by a preponderance, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount

    of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third-party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A). To the extent there is a third-party interest to any forfeited asset, such claims are addressed after the property is preliminary forfeited, in third-party ancillary proceedings. *See* 21 U.S.C. § 853(k), (n); Fed. R. Crim. P. 32.2.

### B. Property Subject to Forfeiture in Instant Criminal Case

In addition, also based on the record in this case, the following specific property is directly subject to forfeiture, pursuant to 18 U.S.C. § 2253 and 18 U.S.C. § 2428

    a. One (1) HP Seagate GoFlex external hard drive, serial #NA1Q1X9TW;
    b. One (1) MacBook Pro, model # A1226;
    c. One (1) Black Lexar 4GB USB Drive;
    d. One (1) Verizon Tablet micro SD Card;
    e. One (1) iPhone 6, serial # BCG-E2817A;
    f. One (1) LG Phone; and
    g. One (1) Lenovo Laptop, serial number # L3-HV2B1.

Accordingly, the Court should issue the attached proposed order, which provides for the forfeiture of specific property; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

WHEREFORE, pursuant to 18 U.S.C. § 2253, 18 U.S.C. § 2428 and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

## LOCAL RULE 88.9 CERTIFICATION

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has conferred with defense counsel via e-mail on September 28, 2021, and there is no opposition or objection to the relief sought.

                                        Respectfully submitted,

                                        JUAN ANTONIO GONZALEZ
                                        ACTING UNITED STATES ATTORNEY

By:     *s/ Richard O.I. Brown*
           RICHARD O.I. BROWN
           ASSISTANT U.S. ATTORNEY
           Admin. Bar No.: A5500257
           500 E. Broward Blvd., Suite 700
           Fort Lauderdale, Florida 33394
           Tel: (561) 209-1053
           FAX: (561) 356-7180