UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CR-80087-SMITH

UNITED STATES OF AMERICA

v.

DWIGHT CASTALDI,

        Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant **DWIGHT CASTALDI** (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On December 1, 2020, the United States filed an Indictment charging the Defendant in Counts 1 and 2, with production of child pornography. The Defendant did use, persuade, induce, entice and coerce Minor Victim 1 to engage in sexually explicit conduct, and the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in or affecting interstate and foreign commerce by any means, as defined in 18 U.S.C. § 2251(a) and (e), and such visual depiction was of such conduct, in violation of Title18, United States Code, Sections 2251(a), 2251(e) and 2.  In Count 3 with using a facility and means of interstate commerce, that is, the Internet, knowingly persuaded, induced, enticed and coerced an individual, Minor Victim 3, who had not attained the age of eighteen years, to engage in sexual activity for which any person can be charged with a criminal offense under Florida state law, in violation of Title 18, United States Code, Section 2422(b).  In Counts 4 to 7 with knowingly possessing matter,

which contained any visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and which was produced using materials which have been so shipped and transported, by any means including by computer, and the production of such visual depiction having involved the use of a minor engaged in sexually explicit conduct, depiction having involved the use of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2), and such visual depiction was of such conduct, in violation of Title18, United States Code, Sections 2252(a)(4)(B) and (b)(2) Indictment, ECF No. 5.

The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of Title 18, United States Code, Section 2252, the Defendant shall forfeit any visual depiction of a minor engaged in sexually explicit conduct, and any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, Chapter 110, pursuant to Title 18, United States Code, Section 2253(a)(1); any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such violation; and any property, real or personal, used or intended to be used to commit or to promote the commission of such violation and any property traceable to such property.

Upon conviction of a violation of Title 18, United States Code, Section 2422, the Defendant shall forfeit such person's interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation and any property, real or personal, constituting or derived from proceeds that such person obtained, directly or indirectly, as a result of such violation. *See Id.* at 5-6. The Indictment alleged that the property subject to forfeiture as a result of the alleged offenses include, but is not limited to:

      a. One (1) HP Seagate GoFlex external hard drive, serial #NA1Q1X9TW;
      b. One (1) MacBook Pro, model #A1226;
      c. One (1) Black Lexar 4GB USB Drive;
      d. One (1) Verizon Tablet micro SD Card;
      e. One (1) iPhone 6, serial #BCG-E2817A;
      f. One (1) LG Phone; and
      g. One (1) Lenovo Laptop, serial number #L3-HV2B1.

The Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 26.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 2253 and 18 U.S.C. § 2253, 18 U.S.C. § 2428 the following specific property is hereby forfeited and vested in the United States of America:

      a. One (1) HP Seagate GoFlex external hard drive, serial #NA1Q1X9TW;
      b. One (1) MacBook Pro, model # A1226;
      c. One (1) Black Lexar 4GB USB Drive;
      d. One (1) Verizon Tablet micro SD Card;
      e. One (1) iPhone 6, serial # BCG-E2817A;
      f. One (1) LG Phone; and
      g. One (1) Lenovo Laptop, serial number # L3-HV2B1.

2. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

3. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

4. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

5. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

6. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this _____ day of October 2021.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE